**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAARON SHEARS,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:23-cv-02050** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **LENA FEEN-EDWARDS,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

On December 11, 2023, pro se Plaintiff Daaron Shears ("Shears") initiated this case

through the filing of a civil rights complaint pursuant to 42 U.S.C. § 1983.  (Doc. No. 1.)   Shears

did not pay the requisite filing fee or move for leave to proceed in forma pauperis, so the Court

issued a thirty-day administrative order on the same day requiring him to pay the fee or move for

leave to proceed in forma pauperis on or before January 10, 2024.  (Doc. No. 3.)  The Court did

not receive a response from Shears by that date.  The Court accordingly issued an Order on

January 16, 2024, dismissing the case without prejudice for noncompliance with the thirty-day

administrative order.  (Doc. No. 4.)  The Court subsequently received a motion for leave to

proceed in forma pauperis and a motion for preliminary injunction from Shears on January 22,

2024.  (Doc. No. 7.)  By separate Order issued on the date of this Memorandum, the Court sua

sponte reopened the case based on the filing of the motion for leave to proceed in forma pauperis

and granted the motion.  Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the

Court now performs its mandatory screening of Shears's complaint.  For the reasons set forth

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

below, the Court will dismiss the complaint without prejudice and grant Shears leave to file an amended complaint.  Plaintiff's motion for preliminary injunction will be denied.

## I.   BACKGROUND

According to the complaint, Shears, an inmate in Rockview State Correctional Institution ("SCI-Rockview"), suffered a fall in his cell on an unspecified date, which caused him to suffer a "painful lump on the right side of his lower temple."  (Doc. No. 1 at 2.)  Shears submitted a request to be seen for sick call on November 1, 2023.  (Id.)  Defendant Lena Feen-Edwards ("Feen-Edwards"), a nurse in the prison, came to Shears's cell for sick call on November 7, 2023.  (Id.)  Feen-Edwards asked to see the right side of Shears's face.  (Id.)  She then purportedly stated, "we don't remove cisps [sic] or tumors here at SCI-Rockview."  (Id.)  Shears asked her what she was going to do to treat his pain.  (Id.)  Feen-Edwards stated that she was going to prescribe him Bactrim, an antibiotic.  (Id.)  Shears began taking Bactrim twice a day pursuant to the prescription on November 10, 2023.  (Id.)

The complaint alleges that Feen-Edwards has failed to accurately diagnose the condition that is causing the painful lump on Shears's head and has failed to treat his pain.  (Id. at 4.)  According to the complaint, Feen-Edwards erroneously diagnosed the condition as an in-grown hair.  (Id.)  This diagnosis was supposedly contrary to a diagnosis previously given by a doctor at Forrest State Correctional Institution ("SCI-Forrest"), which stated that Shears had "localized swelling," a "mass," and a "lump unspecified."  (Id.)  The complaint alleges that Feen-Edwards's actions constitute deliberate indifference in violation of the Eighth Amendment.  (Id.)  Shears requests damages and injunctive relief.  (Id. at 6.)

## II.     LEGAL STANDARDS

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  See 28 U.S.C. § 1915A(a).  If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint.  See id. § 1915A(b)(1).  District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions.  See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See, e.g., Smithson v. Koons, No. 15-cv-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially

plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff.  See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

4

Section 1983 is the vehicle by which private citizens may seek redress for violations of

federal constitutional rights committed by state officials.  See 42 U.S.C. § 1983.  The statute

states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

Id.  "Section 1983 is not a source of substantive rights," but is merely a means through which "to

vindicate violations of federal law committed by state actors."  See Pappas v. City of Lebanon,

331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85

(2002)).  To state a cause of action under Section 1983, a plaintiff must allege that: (1) the

conduct complained of was committed by persons acting under color of state law; and (2) the

conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United

States.  See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West

v. Atkins, 487 U.S. 42, 48 (1988)).

## III.   DISCUSSION

### A.   Shears's Complaint

Shears's only claim against Feen-Edwards alleges deliberate indifference to a serious

medical need.  To state such a claim, a plaintiff must allege: "(i) a serious medical need, and (ii)

acts or omissions by prison officials that indicate deliberate indifference to that need."  See

Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (citing Rouse v.

Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).  A serious medical need is "one that has been

diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would

recognize the necessity for a doctor's attention."  See Monmouth Cnty. Corr. Institutional

Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

    The Court will dismiss Shears's complaint for failure to state a claim upon which relief

may be granted because Shears has not alleged a serious medical need.  Shears alleges that he

suffered a lump on his head after falling in his cell.  (Doc. No. 1 at 2.)  This allegation by itself is

not sufficient to allege a serious medical need.  There is no allegation that a physician diagnosed

a need for the lump to be treated, nor is the need for medical treatment so obvious that a

layperson could recognize it, particularly considering that the lump was purportedly caused by a

fall and not by cancer or another serious illness.  Although the complaint alleges that Feen-

Edwards told Shears, "we don't remove . . . tumors here at SCI-Rockview," the complaint does

not indicate the context in which this statement was made or allege that Feen-Edwards diagnosed

Shears with a tumor.  See (id.).  Thus, on the facts as presently pleaded, Shears has failed to

allege that he had a serious medical need and his claim for deliberate indifference therefore fails

to state a claim upon which relief may be granted.

    **B.    Leave to Amend**

    Due to the applicable liberal pleading standard, a plaintiff should generally be granted

leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v.

Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure

allow for amendments to be granted liberally in light of the "principle that the purpose of

pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182

(1962).  The Court may deny a motion to amend where there is "undue delay, bad faith[,] or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, [or] futility of the amendment."  See id.  The Court should also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief may be granted.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Here, the Court will grant Shears leave to file an amended complaint because the Court cannot conclude that amendment would be futile or unjust.  Shears is advised that the amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the original complaints or any other document already filed.  The amended complaint should set forth Shears's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Each paragraph should be numbered.  It should specify which actions are alleged as to the defendant and sufficiently allege personal involvement of the defendant in the acts that Shears claims violated his rights.  Mere conclusory allegations will not set forth a cognizable claim.  If Shears fails to file an amended complaint, this case will be dismissed without further leave to amend for the reasons stated in this Memorandum.

## C. Motion for Preliminary Injunction

Having determined that Shears's complaint is subject to dismissal for failure to state a claim upon which relief may be granted, the Court will deny his motion for preliminary injunction.  A party moving for a preliminary injunction must show that: (1) he is likely to succeed on the merits of his claim; (2) he would suffer irreparable harm if preliminary injunctive relief were not granted; (3) the harm the movant would suffer is not outweighed by the harm the nonmovant would suffer as a result of the preliminary injunction; and (4) public interest weighs in favor of granting preliminary injunctive relief.  See Ramirez v. Collier, 595 U.S. 411, 421

7

(2022).  The complaint's failure to state a claim upon which relief may be granted shows that Shears has failed to establish a likelihood of success on the merits.  The Court will therefore deny the motion for preliminary injunction.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Shears's complaint without prejudice, grant Shears leave to file an amended complaint, and deny his motion for preliminary injunction. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania